The Honorable Jim Wood State Representative P.O. Box 219 Tupelo, AR 72169-0219
Dear Representative Wood:
I am writing in response to your request that I reconsider and/or elaborate upon the attached Ark. Op. Att'y Gen. No. 98-003, in which my predecessor addressed whether the city of Patterson has the authority to patrol Highway 64. My predecessor opined that municipal police were authorized to patrol any highways within the city's territorial limits, subject only to the condition that they could patrol limited access highways only if authorized to do so by the Director of the Arkansas State Police. He further declined to render an opinion on the purely factual question of whether Highway 64 was subject to municipal patrol under this standard.
In your current request, you report that a constituent who is also an attorney believes "that Patterson patrolling this area which is approximately a mile and [a] half west of McCrory renders a black eye on the City of McCrory." You further report:
 When Attorney General Bryant rendered his opinion, we do not believe Mr. Bryant had a copy of the letter from the Arkansas State Highway and Transportation Department stating that the highway department did not receive statutory notice pursuant to Arkansas Code § 14-40-502, nor did the department give their consent, nor did the department sign the petition to annex as stated by the petitioner when this property was attempted to be annexed by the City of Patterson.
 I am enclosing a copy of the letter from the highway department and a copy of the petition and plat which clearly shows the city attempted to annex U.S. Highway 64 for the purposes of patrolling the highway only. There is no land lying north of U.S. Highway 64 which the city attempted to annex, nor does the City of Patterson provide any services to any property lying north of U.S. Highway 64 and, in fact, they provide no services to U.S. Highway 64.
According to the correspondence from the Highway and Transportation Department, the state holds a fee simple ownership interest in the highway.
Against this backdrop, you pose several questions that I will paraphrase as follows:
 1. In light of the fact that the State Highway Department did not receive notice of the City of Patterson's annexation petition of U.S. Hwy 64, as required by ACA 14-40-502, and did not consent to said annexation, would your opinion be consistent with the conclusion reached in Op. 98-003?
 2. Since the Highway Department did not sign the petition, is U.S. Hwy 64 in the city limits of Patterson pursuant to the attempted annexation?
RESPONSE
With respect to your first question, A.C.A. § 14-40-502 applies only to the annexation of property completely surrounded by a city — a condition apparently not met in this case. The notice provisions of that statute are consequently inapplicable. Moreover, no statutory provision applicable to an annexation initiated by property owners — the form of annexation that appears to have occurred in Patterson — requires that the Highway Department be directly informed of or accede to the proposed annexation. With respect to your second question, I cannot opine whether any portion of U.S. Highway 64 lies within the Patterson city limits, since only a finder of fact can determine whether all the conditions for annexation have been met. However, I can and will opine that the Code contains no requirement that the Highway Department sign off on a petition for annexation filed by a majority of the property owners in an area that includes a state-owned highway.
Question 1: In light of the fact that the State Highway Department didnot receive notice of the City of Patterson's annexation petition ofU.S. Hwy 64, as required by ACA 14-40-502, and did not consent to saidannexation, would your opinion be consistent with the conclusion reachedin Op. 98-003?
Yes.
Before setting forth my reasons for this response, I should note that I fully agree with my predecessor's conclusion that municipal police may patrol all highways within city limits, regardless of who owns the highway, excluding only limited access highways they have not been authorized to patrol by the Director of the Arkansas State Police. See
A.C.A. §§ 27-49-106, 12-8-106 and 27-68-101 et seq. As I understand your question, you do not question my predecessor's general statement of the law in this regard, but rather question whether the annexation was valid in light of the city's supposed breach of A.C.A. § 14-40-502 in failing to notify and obtain consent to the annexation from the State Highway Department.
Section 14-40-502 of the Code provides:
 (a) A public hearing shall be conducted within sixty (60) days of the proposal of the ordinance calling for annexation.
 (b) At least fifteen (15) days prior to the date of the public hearing, the governing body of the municipality shall publish a legal notice setting out the legal description of the territory proposed to be annexed and notify by certified mail all the property owners within the area proposed to be annexed of their right to appear at the public hearing to present their views on the proposed annexation.
You question the validity of the annexation because the state, as owner of the highway, was not notified by certified mail of the proposed annexation.
Assuming the facts to be as you have recited, this statute just quoted simply does not apply. Subchapter 5 of chapter 40 of title 14 of the Code deals exclusively with the annexation of unincorporated land "completelysurrounded" by a municipality. A.C.A. § 14-40-501(a). As noted above, you report that "[t] here is no land lying north of U.S. Highway 64 which the city attempted to annex, nor does the City of Patterson provide any services to any property lying north of U.S. Highway 64 and, in fact, they provide no services to U.S. Highway 64." This description suggests that the city did not surround the purportedly annexed area, thus rendering subchapter 5 inapplicable.
The materials you have supplied in support of your request further fail to support your suggestion that the city initiated the annexation proceedings. Among the materials you have provided is a "Petition for Annexation" submitted to the Woodruff County Court by the owners of property that the petition declares is "contiguous to and adjoin[s] the City of Patterson." This petition complies in all respects with the requirements of subchapter 6 of chapter 40 of title 14 of the Code, which sets forth the procedure whereby the owners of property adjoining a city may seek annexation by petition to the county court. Specifically, A.C.A. § 14-40-601 provides:
 (a) Whenever a majority of the real estate owners of any part of a county contiguous to and adjoining any city or incorporated town shall desire to be annexed to the city or town, they may apply, by petition in writing, to the county court of the county in which the city or town is situated and shall name the persons authorized to act on behalf of the petitioners.
 (b) The "majority of real estate owners" referred to in this section shall mean a majority of the total number of real estate owners in the area affected, if the majority of the total number of owners shall own more than one-half (1/2) of the acreage affected.
Not being a finder of fact, I am neither able nor authorized to test the petitioners' declaration that their properties are contained in an area that adjoins and abuts the city, thus qualifying them to petition for annexation under the statute just quoted. However, assuming this representation to be correct, I can and will opine that the petitioners were under no obligation to directly inform the state, as the owner of the highway, that they had petitioned the county court for annexation. Section 14-40-601 of the Code requires only that "a majority of the real estate owners" in the area to be annexed join in the petition, and A.C.A. § 14-40-602 requires only that the pendency of the petition be announced by publication in a newspaper of general circulation once per week for a period of three weeks.[1] I obviously cannot opine whether the petitioners in fact met this notice requirement.
Question 2: Since the Highway Department did not sign the petition, isU.S. Hwy 64 in the city limits of Patterson pursuant to the attemptedannexation?
I am unable to answer the factual question of whether all the requirements for annexation set forth at A.C.A. § 14-40-601 et seq. were met in this case. However, based on the foregoing discussion, I can and will opine that the statutory provisions applicable to an annexation initiated by property owners contain no requirement that the Highway Department sign the petition.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] I appreciate that if, as you suggest, the highway is state-owned and lies within the area purportedly annexed, the petitioners were not accurate in representing themselves as "all of the owners" of the property at issue. However, assuming the petitioners comprised a majority of the property owners in the affected area and observed the statutory notice procedure, I do not believe a court would find this misrepresentation fatal to the annexation.